## In re: VITAMINS ANTITRUST LITIGATION

**Animal Science, et al.**

v.

**Chinook Group, Ltd. et al.**

**No. MISC.NO.99–197 TFH. MDL NO. 1285.**

United States District Court, District of Columbia.

May 21, 2003.

See also 2003 WL 21146718.

### MEMORANDUM OPINION

*Re: DuCoa L.P.'s and DCV, Inc.'s Motion to Sever and Transfer*

THOMAS F. HOGAN, Chief Judge.

Pending before the Court is the Motion to Sever and Transfer to Minnesota

Claims Against Defendants DuCoa L.P. ("Ducoa") and DCV, Inc. ("DCV"). Defendants DuCoa L.P. and DCV, Inc. (collectively "Defendants") filed this motion pursuant to Fed.R.Civ.P. 21 and 28 U.S.C. §§ 1404(a) or 1406(a). Class Plaintiffs oppose this motion. Upon consideration of the motion, opposition, and reply, the Court will deny Defendants' motion.

## BACKGROUND

Class Plaintiffs have alleged that Defendants DuCoa, L.P. and DCV, Inc, the general partner of DuCoa, L.P., conspired with other defendants and their co-conspirators to fix prices, allocate market share, and use other unlawful practices to inflate the prices of choline chloride, a B-complex vitamin used to enrich animal feed products, which was sold to Plaintiffs and other direct purchasers. *See Third Consolidated Am. Class Action Compl.* Neither DuCoa nor DCV properly asserted lack of personal jurisdiction or improper venue as affirmative defenses. Many other defendants in this litigation made such motions and in response Plaintiffs moved to transfer. Some of the motions, including Plaintiffs' motion to transfer to Minnesota the claims against defendant BioProducts, have been granted, while other motions to transfer are still pending. Trial of the Class Plaintiffs claims against DuCoa L.P., DCV, Inc. and the Mitsui Defendants is set to begin on May 28, 2003 in this Court.

Defendants DuCoa and DCV have moved pursuant to Fed.R.Civ.P. 21 and 28 U.S.C. §§ 1404(a) or 1406(b). Class Plaintiffs oppose the motion claiming that: (1) Defendants have waived any objection to

personal jurisdiction and improper venue in this District; (2) a motion pursuant to 28 U.S.C. § 1406(a) is procedurally improper; and (3) Defendants have failed to make a sufficient showing for transfer pursuant to 28 U.S.C. § 1404(a).

## ANALYSIS

Rule 21 provides for severance of parties and/or claims "at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Finally, Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a).[1]

A threshold consideration for transfer thus is whether the action could have been brought in the proposed transferee district. If this threshold requirement is met, transferring a case pursuant to section 1404(a) becomes a discretionary matter to be decided on a case-by-case basis, balancing a number of case-specific factors to determine whether convenience and justice support such a transfer. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'indi-

---

1. The Court need not address Defendants motion pursuant to 28 U.S.C. § 1406(a). It is undisputed that Defendants have failed to timely object to venue or personal jurisdiction. The Federal Rules clearly provide that such objections are waivable defenses unless raised in a responsive pleading or by motion

under Rule 12. Fed.R.Civ.P. 12(b)(3), 12(h); *see also* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.")

vidualized, case-by-case consideration of convenience and fairness.'... A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.") (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)); *see, e.g., Reiffin v. Microsoft Corp.*, 104 F.Supp.2d 48, 50 (D.D.C.2000); *Wilderness Soc'y v. Babbitt*, 104 F.Supp.2d 10, 12 (D.D.C.2000); *Trout Unltd. v. Dep't of Agric.*, 944 F.Supp. 13, 15–16 (D.D.C. 1996).[2] Defendants bear the burden of showing that the balance of case-specific factors favors transfer. *Reiffin*, 104 F.Supp.2d at 50; *Air Line Pilots Ass'n v. E. Air Lines*, 672 F.Supp. 525, 526 (D.D.C. 1987). In the instant motion, parties have addressed the factors of convenience and justice.

As a preliminary matter, the Court notes that parties do not dispute that Class Plaintiffs could have brought this action in the District of Minnesota. Thus the Court will assume that venue would have been proper in Minnesota and, therefore, will address whether convenience and justice support such a transfer. The Court finds that transfer is not warranted as Defendants have not met their burden of showing that the balance of factors favors transfer. Here, Defendants must show that Minnesota is a more convenient forum than the District of Columbia. *See Van Dusen v. Barrack*, 376 U.S. 612, 645–46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.").

In their moving papers, Defendants argue that Plaintiffs' choice of forum should be given less weight because Plaintiffs do not reside in the District of Columbia and because discovery has not established that DuCoa, DCV or any choline chloride defendant committed any act with in the District of Columbia. Further, Defendants argue that their burden decreases when there is no meaningful nexus to the controversy and the parties. While there is some merit to those arguments, *see Greater Yellowstone Coalition v. Bosworth*, 180 F.Supp.2d 124, 128 (D.D.C. 2001), a lesser burden and less deference does not mandate a blanket transfer at the request of Defendants. Here, Defendants have failed to show that Minnesota is a more convenient venue as to Plaintiffs' claims against *these* Defendants—DuCoa and DCV.

Defendants primary argument rests on the fact that Class Plaintiffs moved to sever and transfer to Minnesota the claims of alleged co-conspirators BioProducts,

---

**2.** The case specific factors identified and applied by courts in this Circuit have been summarized as follows:

The private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

*Trout Unltd.*, 944 F.Supp. at 16 (footnotes omitted); *accord, e.g., Reiffin*, 104 F.Supp.2d at 51–52; *Wilderness Soc'y*, 104 F.Supp.2d at 12; *Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard, Jr.*, 24 F.Supp.2d 66, 71 (D.D.C. 1998). Parties in this case have not addressed such specific factors but have focused on the factors mandated in the code—"convenience to parties and witnesses" and the "interests of justice." 28 U.S.C. § 1404(a).

Inc. and the Chinook Defendants. This argument is not persuasive in light of the procedural facts of this case. Class Defendants filed the motions to sever and transfer claims against those defendants because they timely raised the defense of lack of personal jurisdiction. DuCoa and DCV failed to timely raise such objections and as such the Court finds that Defendants' attempts to assert these defenses and the arguments supporting the defenses should be afforded little, if any, weight in the Court's determination of whether transfer should lie. In kind, the Court attributes little to the Defendants' arguments that there is no personal jurisdiction over the Defendants in the District of Columbia. Defendants assert that the interests of justice will be furthered by severance and transfer because personal jurisdiction does not lie. To the contrary, the interests of justice will not be served in allowing Defendants to belatedly revive defenses which were waived, therefore, Defendants arguments concerning personal jurisdiction are irrelevant in this context.

Defendants, in reply, make much of the fact that Plaintiffs' arguments that Minnesota is not more convenient; in fact, Defendants' argue that Plaintiffs "failed to set out any factor indicating that Minnesota a more convenient forum." Defs. Reply at 4. This seems a veiled attempt to shift the burden of establishing that Minnesota is a more convenient venue to the Plaintiffs. While the Court acknowledges that Defendants' burden may be less in situations like the instant case, it is indeed the burden of the Defendants to show that balance of factors favors transfer. This they have not done.

Defendants continue, in reply, to attempt to meet their burden by asserting that Minnesota is more convenient because they are defending other cases there and because at least some co-conspirators have been transferred to Minnesota.[3] While these are factors the Court may consider, the Court does not find that these factors favor transfer in the context of this case.

As to the convenience factor, the Court finds that Defendants have not shown that it would be more convenient tot he parties and the witnesses to transfer the claims against Defendants to Minnesota. Despite the fact, that Defendants "adopt and incorporate by reference any and all witness lists, exhibit lists and deposition lists" which have been or will be filed by any and all parties in the direct action aspect of this multidistrict litigation, the Court does not find that such litigation strategies would necessarily make trial in Minnesota more convenient. Defendants argue that because other defendants and allege co-conspirators will go to trial in Minnesota, the venue will necessarily be more convenient to Plaintiffs and Defendants. Defendants gloss over the fact, however, that there will indeed be a trial against at least one of its alleged co-conspirators in the District of Columbia. Thus, Defendants have adopted much of the potential evidence of Defendants in all the cases some of which will be go to trial in this District, some of which may be remanded, and some of which may be transferred. It is unclear how this favors transfer to Minnesota for convenience when there will also be a trial in this District. Moreover, Defendants informed the Court in the recent pretrial conference that it would not present any live witnesses. Therefore, even assuming that there will be a similar trial

---

3. The Court granted Plaintiffs' motion to sever and transfer its claims against Bioproducts while its motion to sever and transfer its claims against the Chinook defendants is still pending.

in Minnesota of Defendants co-conspirators, it is not clear that either the District of Columbia or Minnesota would be more convenient to parties and witnesses in this case. That Plaintiffs have not shown Minnesota to be a more convenient venue makes no difference where defendants have the burden and plaintiffs are entitled to at least some deference as to their choice of venue. Defendants have not shown that it would be more convenient to the parties or witnesses in this case to transfer.

Defendants do not elaborate on the "interests of justice" inquiry in their initial moving papers except to the extent that they unsuccessfully argue that personal jurisdiction does not lie in the District of Columbia. In their reply, however, Defendants challenge Plaintiffs' assertion that the interests of justice would not be furthered by transfer. Here, too, Defendants attempt to shift the burden to Plaintiffs. Defendants have the burden of showing that the interests of justice would be served by transfer.

As Defendants correctly note, the "interest of justice" is a separate component of a § 1404(a) analysis and that factors traditionally considered in this analysis relate to the efficient administration of the court system. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220–21 (7th Cir. 1986). The Court finds that on the facts of this case, this factor does not favor transfer. This Court is extremely familiar with the facts of the case and will soon conduct a trial of the claims against Defendants *as well as* Defendants' alleged co-conspirators

(the Mitsui Defendants) in this District. Thus, the Court fails to see why transferring the case at this stage of the litigation will serve the interests of justice. The Court acknowledges that a Minnesota court will necessarily become familiar with this litigation when it prepares for the Class Plaintiffs' claims against BioProducts and others. The Court is without power to alleviate any real or perceived duplication efforts in this instance because certain defendants properly and timely challenged personal jurisdiction and venue in this Court, while others did not.

Lastly, Defendants argue that "[s]everance may be proper where the non-transferred party is only secondarily or peripherally involved in the suit." *JM Computer Services, Inc. v. Schlumberger Technologies, Inc.,* 886 F.Supp. 358 (S.D.N.Y.1995). Without much explanation, Defendants seem to argue that because the Class Plaintiffs claims against the Mitsui Defendants are based on Mitsui's parent/subsidiary relationship with another alleged co-defendant BioProduct, that severance should lie as to DuCoa and DCV because there are significant differences among defendants which may prejudice them at trial in this District. The Court is not convinced. This Court has already denied the Mitsui Defendants motion to sever in the face of similar arguments by Mitsui.

## CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion to Sever and Transfer to Minnesota Claims Against Defendants DuCoa L.P. and DCV, Inc. An order will accompany this Opinion.

## ORDER

### Re: DuCoa L.P.'s and DCV, Inc.'s Motion to Sever and Transfer

It is hereby

**ORDERED** that Defendants' Motion to Sever and Transfer to Minnesota Claims Against Defendants DuCoa L.P. and DCV, Inc. is **DENIED.**

**SO ORDERED.**